J-S35035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOHN MINROD | : | |
| | : | |
| Appellant | : | No. 631 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 17, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001611-2023

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:           **FILED: OCTOBER 31, 2024**

Appellant, Michael John Minrod, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following his negotiated plea of *nolo contendere* to terroristic threats.[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this appeal are as follows. On September 13, 2023, Appellant sent a text message to a councilwoman for New Philadelphia Borough. The text message contained vulgar language and a death threat. Appellant also sent offensive messages to five other people. On January 23, 2024, the Commonwealth filed a criminal information charging Appellant with terroristic threats and the summary offense of

---

[1] 18 Pa.C.S.A. § 2706(a)(1).

harassment.

On April 17, 2024, Appellant completed a written plea colloquy. In it, Appellant indicated that he would enter a plea of *nolo contendere* to terroristic threats. In exchange, the Commonwealth agreed to recommend a sentence of four (4) to twenty-three (23) months' imprisonment. The Commonwealth also agreed to the dismissal of the harassment charge. That same day, the court conducted Appellant's plea hearing. After conducting an oral colloquy, the court accepted Appellant's *nolo contendere* plea. The Commonwealth immediately moved to dismiss the harassment charge, which the court granted. At the conclusion of the hearing, the court imposed the agreed-upon sentence of four to twenty-three months' imprisonment. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on May 2, 2024. On May 6, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a Rule 1925(b) statement on May 17, 2024. Thereafter, counsel filed an appellate brief, pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and an application to withdraw in this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

- 2 -

counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *See Santiago, supra* at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra* our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

- 3 -

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no grounds for an appeal. Counsel subsequently sent a copy of the *Anders* brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the *Anders* brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issue on appeal. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's

behalf:

> Whether the court erred in finding that [Appellant's] plea was a knowing, voluntary, intelligent and understanding act because [Appellant] asserts he did not understand the … plea paperwork he signed, as well as the sentencing proceeding.

(***Anders*** Brief at 4).

On appeal, Appellant argues "he did not understand the … plea paperwork he signed or the sentencing proceeding." (***Id.*** at 7). Appellant concludes that his *nolo contendere* plea was not knowing, voluntary, and intelligent. We disagree.

"At the outset, we note that 'in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea.'" ***Commonwealth v. Prieto***, 206 A.3d 529, 533 (Pa.Super. 2019) (quoting ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010)). "In order to preserve an issue related to a guilty plea, an appellant must either 'object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.'" ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa.Super. 2017) (quoting ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa.Super. 2002)). "Failure to employ either measure results in waiver." ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). "Historically, Pennsylvania courts adhere to this waiver principle because '[i]t is for the court which accepted the plea to consider and correct, in the first instance,

any error which may have been committed.'" ***Id.*** (quoting ***Commonwealth v. Roberts***, 352 A.2d 140, 141 (Pa.Super. 1975)).

Generally, the entry of a plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. ***Commonwealth v. Main***, 6 A.3d 1026 (Pa.Super. 2010). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). "Such an injustice arises 'if the plea was not tendered knowingly, intelligently, and voluntarily.'" ***Commonwealth v. Santana***, 241 A.3d 660, 664 (Pa.Super. 2020) (*en banc*), *affirmed*, ___ Pa. ___, 266 A.3d 528 (2021) (quoting ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa.Super. 2009)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court, and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless the judge accepts the agreement. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *See Santana, supra*. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath and "may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.*** at 523. "Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa.Super. 2018).

Instantly, Appellant entered his plea on April 17, 2024. At the conclusion of the plea hearing, the court accepted Appellant's plea and immediately imposed the agreed upon sentence. Following the imposition of

sentence, Appellant did not raise any objection to the entry of his plea. (**See** N.T. Plea Hearing, 4/17/24, at 7). Thereafter, the court explained Appellant's right to file a post-sentence motion or notice of appeal. (**Id.** at 8). Appellant, however, did not file a post-sentence motion seeking to withdraw the plea. Consequently, Appellant has waived his challenge to the entry of the plea. **See Monjaras-Amaya, supra**; **Lincoln, supra**.

Moreover, the court conducted an on-the-record colloquy at the plea hearing. At that time, Appellant confirmed that the Commonwealth could produce sufficient evidence to prove his guilt. (**See** N.T. Plea Hearing at 5-6). The court explained the nature of the charge and provided the factual basis for the plea. (**Id.** at 6). The Commonwealth also explained that Appellant would be receiving a mitigated range sentence:

> [Appellant] was revoked in two cases as a result of this charge; and in order to facilitate a plea, we agreed to go less than the standard range, but run it concurrent to the revocation, which gives us an extra three months on the sentence. So that is why it's a mitigated range sentence, your Honor.

(**Id.** at 7).[2] Additionally, in the written colloquy, Appellant confirmed his understanding of the right to trial by jury, the presumption of innocence, and the permissible ranges of sentence and fines. (**See** Written Colloquy, dated 4/17/24, at 2 and Schedule A).

---

[2] By order entered August 22, 2024, the court granted Appellant's application for parole.

Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent plea. *See Santana, supra*; *Rush, supra*. Thus, even if Appellant had preserved his claim, Appellant cannot demonstrate prejudice on the order of manifest injustice to justify the withdrawal of his plea. *See Pantalion, supra*. Following our independent review of the record, we agree the appeal is wholly frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024